# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **BRANDON HEARD,** | ) | **CASE NO.  1:16CR134** |
| | ) | **1:18CV2683** |
| | ) | |
| Petitioner, | ) | **JUDGE JOHN R. ADAMS** |
| | ) | |
| v. | ) | |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | **ORDER AND JUDGMENT ENTRY** |
| | ) | |
| Respondent. | ) | |
| | ) | |

The instant matter is before the Court upon Petitioner's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed pursuant to 28 U.S.C. § 2255. Doc. 63. The petition is DENIED.

"To prevail under 28 U.S.C. § 2255, a defendant must show a 'fundamental defect' in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Gall v. United States*, 21 F.3d 107, 109 (6th Cir. 1994). A federal district court may grant relief to a prisoner in custody only if the petitioner can "demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003).

Heard raises two interrelated issues in his petition. First, Heard contends for numerous reasons that his sentence was substantively unreasonable. Second, Heard asserts that his counsel was ineffective for failing to object to his substantively unreasonable sentence. Heard's claims, however, were already considered and rejected by the Sixth Circuit. Doc. 61. On appeal, Heard

1

asserted that this Court gave him a substantively unreasonable sentence. Heard argued the same theories to the Sixth Circuit, and his arguments were rejected. Even if the law of the case doctrine did not bar this Court's review of those same arguments, the Court has no reason to depart from the well-reasoned opinion of the Sixth Circuit. Heard's sentence fully complied with 18 U.S.C. § 3553. It did not result in any sentencing disparity, the Court did not rely on any improper factors, and the Court did not place any undue weight on any factor. As such, Heard can demonstrate no error in his sentence.

For the foregoing reasons, Petitioner Brandon Heard's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody is hereby **DENIED.**

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

Dated: March 21, 2019 /**s**/ *John R. Adams*
**JOHN R. ADAMS**
**UNITED STATES DISTRICT JUDGE**