ADAMS, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:16CR134 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Judge John R. Adams |
| BRANDON HEARD, | ) | |
| | ) | ORDER |
| Defendant. | ) | |
| | ) | |

Pending before the Court is Defendant's motion for compassionate release. Doc. 79. Upon review, the motion is DENIED.

Within the COVID-19 backdrop, the Sixth Circuit explained this Court's duties and obligations when considering a motion for compassionate release as follows:

> "In resolving those motions, district courts now face two questions: (1) whether extraordinary and compelling circumstances merit a sentence reduction; and (2) whether the applicable § 3553(a) factors warrant such a reduction. A third consideration, the § 1B1.13 policy statement, is no longer a requirement courts must address in ruling on defendant-filed motions." *Hampton*, 985 F.3d at 531. To that end, district courts need not confine themselves to evaluating "extraordinary and compelling reasons" as defined by the Sentencing Commission in the § 1B1.13 policy statement. *Elias*, 984 F.3d at 519.

*United States v. Montero*, 842 F. App'x 1007, 1008 (6th Cir. 2021). "A district court has 'full discretion' in determining whether an extraordinary and compelling reason justifies compassionate release." *Id*. at 1009.

Williams has failed to demonstrate any extraordinary and compelling circumstances to warrant his release. Initially, the Court notes that the COVID pandemic has ended and the BOP

has demonstrated a firm grasp on managing any new infections. More importantly, Williams has identified no medical ailments that place him at a higher risk of severe illness if he were to be infected. Accordingly, the motion for compassionate release is DENIED.

IT IS SO ORDERED.

October 3, 2023 /s/John R. Adams
Date JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE